United States District Court
Southern District of Texas
**ENTERED**
October 01, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| ANDREW J MITCHELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:26-cv-00123 |
| | § | |
| MARC WHYTE, ESQ., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before me is a motion to dismiss filed by Defendants Marc Whyte and Whyte PLLC.[1] *See* Dkt. 25. Having reviewed the operative pleading, the briefing, and the applicable law, I recommend that Defendants' motion be granted as to Plaintiff Andrew Mitchell's RICO claims, and that the court decline to exercise supplemental jurisdiction over Mitchell's remaining state law claims and dismiss them without prejudice.

## BACKGROUND

This lawsuit is one of 20 that Mitchell has filed against various defendants seeking to recover compensation he claims he is owed for his work as a licensed public adjuster. Mitchell claims that Whyte and his law firm, Whyte PLLC, "received [Mitchell]'s licensed adjusting work product, transmitted that work product and settlement demands to insurers, collected settlement proceeds, and withheld the compensation attributable to [Mitchell]'s licensed personal labor." Dkt. 18 at 3. Mitchell asserts Texas state law claims for quantum meruit/unjust enrichment, money had and received, conversion, and account stated. Mitchell also claims that Defendants have violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), a federal statute. *See* 18 U.S.C. §§ 1961–1968.

[1] Whyte PLLC is incorrectly identified as the Law Office of Marc Whyte.

Mitchell's RICO claims are his only federal claims. All the parties in this case are Texas citizens. The only reason that Mitchell can bring this case in federal court is because he asserts RICO claims. Defendants have moved to dismiss all claims, arguing that Mitchell fails to state a claim upon which relief may be granted. Because I find that Mitchell fails to state a RICO claim, I need not address whether Mitchell can state a state law claim for relief. In the Fifth Circuit, when all federal claims are dismissed at the pleading stage before any discovery has begun—as is the case here—the proper course of action is for the court to decline to exercise supplemental jurisdiction over the Plaintiff's state law claims and dismiss them without prejudice. *See Certain Underwriters at Lloyd's, London & Other Insurers Subscribing to Reinsurance Agreements F96/2922/00 & No. F97/2992/00 v. Warrantech Corp.*, 461 F.3d 568, 578 (5th Cir. 2006) ("It is our general rule that courts should decline supplemental jurisdiction when all federal claims are dismissed or otherwise eliminated from a case." (cleaned up)); *see also* 28 U.S.C. § 1367(c)(3).

**LEGAL STANDARD**

A defendant may move to dismiss a complaint when a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). Conversely, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point

of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558 (cleaned up).

When evaluating a Rule 12(b)(6) motion, I accept "all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *Cummings v. Premier Rehab Keller, P.L.L.C.*, 948 F.3d 673, 675 (5th Cir. 2020) (quotation omitted). I "do not, however, accept as true legal conclusions, conclusory statements, or naked assertions devoid of further factual enhancement." *Benfield v. Magee*, 945 F.3d 333, 336–37 (5th Cir. 2019) (cleaned up). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The Fifth Circuit "hold[s] pro se plaintiffs to a more lenient standard than lawyers when analyzing complaints, but pro se plaintiffs must still plead factual allegations that raise the right to relief above the speculative level." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016); *see also Twombly*, 550 U.S. at 555.

**ANALYSIS**

RICO claims "have three common elements: (1) a person who engages in (2) a pattern of racketeering activity, (3) connected to the acquisition, establishment, conduct, or control of an enterprise." *St. Germain v. Howard*, 556 F.3d 261, 263 (5th Cir. 2009) (quotation omitted). "A pattern of racketeering activity consists of two or more predicate criminal acts that are (1) related and (2) amount to or pose a threat of continued criminal activity. . . . The predicate acts can be either state or federal crimes." *Id.* Here, Mitchell alleges that Defendants engaged in "predicate acts of wire fraud under 18 U.S.C. § 1343." Dkt. 18 at 13.

"Both mail fraud and wire fraud require a scheme or artifice *to defraud* which includes false or fraudulent pretenses, representations or promises, requiring proof of intent to defraud." *Chris Albritton Const. Co., Inc. v. Pitney Bowes Inc.*, 304 F.3d 527, 532 (5th Cir. 2002). Here, Mitchell does not allege that Defendants made any false or fraudulent pretenses, representations, or promises to anyone, or otherwise engaged in deceptive conduct. Rather, Mitchell alleges that

his *own* transmission of estimates for insurance claims to Defendants, "and [Defendants'] onward transmission" of those estimates "by wire to [insurers]," were acts of wire fraud. Dkt. 18 at 14. But Defendants' mere acceptance of Mitchell's transmissions, and Defendants' forwarding of those transmissions, are not artifices to defraud. Nor are transmissions "of settlement demands, claim submissions, and supporting documentation incorporating [Mitchell]'s licensed work product to [insurers]" or "interstate wire receipt of settlement proceeds on either claim" artifices to defraud.[2] *Id.*; *see Johnson Enters. of Jacksonville, Inc. v. FPL Grp.*, 162 F.3d 1290, 1318 (11th Cir. 1998) (holding that even nonpayment for an extortionate purpose is not an act of racketeering).

The RICO "statute does not reject all business practices that do not fulfill expectations, nor does it taint every breach of a business contract. Its condemnation of a 'scheme or artifice to defraud' implicates only plans calculated to deceive." *United States v. Kreimer*, 609 F.2d 126, 128 (5th Cir. 1980). Because Mitchell has not identified any deception by Defendants, he fails to plausibly allege that Defendants engaged in any predicate act. Without a predicate act, there can be no pattern of racketeering activity and thus, no RICO claim. *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 525 (5th Cir. 2016) ("[C]ivil-RICO liability should not exist unless the pleadings allege actual criminal activity.").

Mitchell's RICO-conspiracy claim under § 1962(d) also fails without a plausible predicate act. "The core of a RICO civil conspiracy is an agreement to commit predicate acts." *Tel-Phonic Servs., Inc. v. TBS Intern., Inc.*, 975 F.2d 1134, 1140 (5th Cir. 1992). Because Mitchell has not alleged any predicate acts of wire fraud—or any agreement to commit such acts—he fails to state a RICO-conspiracy

[2] It is unclear whether Mitchell is referencing *his* transmission of settlement demands, claim submissions, and supporting documentation, or *Defendants'* transmission of such documents. That ambiguity itself fails the requirement that fraud be plead "with particularity." Fed. R. Civ. P. 9(b). But the ambiguity is ultimately irrelevant: under either interpretation, Mitchell does not describe an artifice to defraud.

claim. Accordingly, Defendants are entitled to dismissal of Mitchell's RICO claims against them.

In opposing dismissal, Mitchell requests leave to amend but does not identify additional facts that would transform the alleged nonpayment into a deceptive scheme. Rather, Mitchell's surreply makes clear that, if given leave to amend, he would not cure his allegations against these defendants; he would seek to identify and sue a different attorney and law firm. *See* Dkt. 31 at 3–4 ("If Whyte did not handle them, did not receive or control the proceeds, and made no separate undertaking concerning the fee, the proper course is to identify the attorney who did and conform the parties and claims to the facts."). Yet Mitchell "does not identify any particular defendant or any specific unlawful act," and "does not explain how any amendment could address the deficiency that infects [his RICO] claims." *Nix v. Major League Baseball*, 62 F.4th 920, 936 (5th Cir. 2023). Accordingly, amendment would be futile and Mitchell's RICO claims should be dismissed with prejudice.

## CONCLUSION

For the reasons discussed above, Defendants' motion to dismiss (Dkt. 25) should be granted as to Mitchell's RICO claims, which the court should dismiss with prejudice. The court should decline to exercise supplemental jurisdiction over Mitchell's state law claims and dismiss them without prejudice.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 1st day of October 2026.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE